**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Thomas Dempsey,<br><br>   Plaintiff,<br><br>v.<br><br>Unknown Leeds, et al.,<br><br>   Defendants. | No. CV-24-01912-PHX-SMM (JZB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE**:

This matter is before the Court upon its own review. Plaintiff has failed to provide any notice of a change of address and has failed to show cause why this action should not be dismissed for the failure to do so. Accordingly, the Court **recommends** this matter be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).[1]

**I.   Background**.

On August 1, 2024, Plaintiff, who was in custody, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) In his three-count Complaint, Plaintiff alleged a First Amendment claim for retaliation, an Eighth Amendment claim for inadequate medical care, and an Americans with Disabilities Act ("ADA") claim. *See* (*id.*) Plaintiff named as Defendants: (1) a Dr. Leeds; (2) a Nurse Adams; and (3) a Correctional Officer (CO) II Miller. *See* (*id.*) On March 19, 2025, the Court screened his original

---
[1] This matter was referred to this Court "for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1)." (Doc. 18 at 13.)

1. Complaint and dismissed it for failure to state a claim. (Doc. 13.)

2. On April 9, 2025, Plaintiff filed an Amended Complaint. (Doc. 17.) In his three-count Complaint, Plaintiff alleged an Eighth Amendment claim for inadequate medical care, an eighth Amendment threat to safety claim, and an ADA claim. (*Id.*) On July 31, 2025, the Court screened Plaintiff's Amended Complaint and permitted his Eighth Amendment inadequate medical care and threat to safety claims to proceed. (Doc. 18 at 7–9.)

3. On September 9, 2025, a Notice of Mail Returned Undeliverable was filed. (Doc. 22.) This Notice stated that (docs. 20–21) were not received by Plaintiff because he "has been released and he did not receive these [Notices of Electronic Filings.]" (*Id.* at 1, 3.)

4. On December 11, 2025, this Court issued a Show Cause Order for failure to notice change of address. (Doc. 25 at 3.) To date, Plaintiff has not provided notice of a change of address. This is particularly troubling as Plaintiff has received multiple warnings that, were he to fail to provide notice of a change of address, his action may be dismissed. *See* (doc. 8 at 3); *see also* (doc. 13 at 10); (doc. 18 at 10); (doc. 25 at 3.) Since notice of Plaintiff's release was filed on September 9, 2025, 128 days have passed without Plaintiff providing a notice of change of address. *See* (doc. 22.)

**II. Legal Standard**.

A Plaintiff has a duty to prosecute their action. *See Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). The Court is not the proverbial 'bloodhound,' tasked with determining every litigant's whereabouts; Rather, it is the "party, not the district court, [who] bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Rule 41(b) permits a defendant to move to dismiss an action where "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). The Supreme Court has interpreted Rule 41(b) as permitting a Court to *sua sponte* dismiss an action for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). Moreover, "when circumstances make such action appropriate, a District Court

may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633.

In making the determination whether to dismiss an action pursuant to Rule 41(b), the Court must weigh the *Ferdik* factors. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district judge's dismissal of an action for failure to comply with a court order requiring timely filing of a document). Those factors are:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260–61 (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

**III.     Discussion**.

To date, Plaintiff has not provided a notice of change of address following multiple warnings and a Show Cause Order issued by this Court. Since notice of Plaintiff's release was filed on September 9, 2025, 128 days have passed without Plaintiff providing a notice of change of address. *See* (doc. 22.) Allowing this action to linger in the hope that Plaintiff may someday return and prosecute this action siphons limited judicial resources. Because of this, the Court recommends that this action be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

In making this determination, the Court has considered the five *Ferdik* factors. Here, the first, second, and third factors favor dismissal of this case. The fourth factor, as always, weighs against dismissal. With regard to the fifth factor, the Court has considered whether there are less drastic sanctions available, and finds there are none. Plaintiff was provided multiple warnings in four separate orders telling him that his action may be dismissed if he does not provide notice of a change of address. *See* (doc. 8 at 3); *see also* (doc. 13 at 10); (doc. 18 at 10); (doc. 25 at 3.) Even after these orders, Plaintiff has not provided a notice of change of address. Therefore, because Plaintiff has, in effect, not complied with four court orders, this Court recommends this action be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 15th day of January, 2026.

Honorable John Z. Boyle
United States Magistrate Judge